```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ROSE MARY RAWLS,
JOHN RAWLS, and
CARMELA FOURNIER,

              Plaintiffs,
v.                       Case No. 8:18-cv-2571-T-33TGW

WELLS FARGO BANK, N.A.,

              Defendant.
_____/

**ORDER**

Before this Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Class Action Complaint and Strike Class Allegations (Doc. # 22), filed on December 17, 2018. Plaintiffs Rose Mary Rawls, John Rawls, and Carmela Fournier responded in opposition on January 15, 2019. (Doc. # 29). For the reasons that follow, the Motion is granted.

**I. Background**

The Rawlses took out a mortgage with Wachovia in 2005 to purchase a property in St. Petersburg, Florida. (Doc. # 1 at ¶ 10). Additionally, in 2008, the Rawlses obtained a home-equity line of credit from Wachovia, which was secured by the same property. (Id.). Wells Fargo later merged with Wachovia and acquired the Rawlses' loans. The Rawlses struggled to

1

make the loan payments, so with Wells Fargo's approval, the property was sold through a short sale in 2012. (Id. at ¶¶ 12-14). Both the mortgage and the home-equity loan were satisfied using the proceeds from the short sale. (Id. at ¶ 15). Indeed, Wells Fargo filed a "Satisfaction/Release of Mortgage" in the Pinellas County Clerk's Office declaring the loans satisfied. (Doc. # 5-2).

In an unrelated transaction, Fournier took out a mortgage with Wells Fargo in 2005 to purchase a different property in St. Petersburg, Florida. (Doc. # 1 at ¶¶ 21-22; Doc. # 5-4). Additionally, Fournier took out another mortgage with Wells Fargo in 2012. (Doc. # 1 at ¶¶ 21-22; Doc. # 5-6). Fournier also struggled to make her loan payments, so with Wells Fargo's approval, the property was sold through a short sale in 2016. (Doc. # 1 at ¶¶ 24-27). Both mortgages were satisfied using the proceeds from the short sale. (Id. at ¶ 27).

In October of 2017, both the Rawlses and Fournier received letters from Wells Fargo, which referenced the loan numbers associated with their previously satisfied loans. (Id. at ¶¶ 17, 28). Among other things, the letters stated:

> We're reaching out because your area was affected

by a FEMA-declared disaster. We understand that you
may not be able to make your normal monthly payments
at this time. To help, we're providing 90 days of
disaster relief for this account. . . .

During these 90 days, we will not report any
negative information for this account to the credit
bureaus, and we won't charge late fees. We
encourage you to continue making your monthly
payments. Even if you're not able to, we want you
to know that you're protected with no late fees or
negative credit bureau reporting.

Also keep in mind: This is short-term assistance
. . . . At the end of this disaster relief, we'll
work with you to explore solutions to bring your
account current, based on your specific financial
needs. It is critical that you contact us to discuss
options as soon as possible.

If you're not able to make payments during this
time, your billing statements may reflect that your
past payments are overdue. You'll also receive
required notices about your payments being overdue.

(Doc. ## 5-3; 5-9).

According to the Rawlses and Fournier, by sending these letters "Wells Fargo illegally collected or attempted to collect on the loans by systematically misrepresenting the status of the loans, obligations under the loans, and initiated debt collection procedures to pressure Plaintiffs and other Class members to pay on the unenforceable loans." (Doc. # 1 at ¶ 2). Therefore, on October 19, 2018, the Rawlses and Fournier initiated this proposed class action seeking

3

declaratory relief and damages under both the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"). (Id. at 9-11). The Complaint asserts diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Id. at ¶ 4).

On December 17, 2018, Wells Fargo filed the instant Motion to Dismiss Class Action Complaint and Strike Class Allegations, which was accompanied by a Request for Judicial Notice. (Doc. ## 22, 23). The Rawlses and Fournier filed their response to the Motion on January 15, 2019. (Doc. # 29). The Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

4

> the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

**III. Analysis**

    **A.   Request for Judicial Notice**

As a preliminary matter, Wells Fargo requests the Court take judicial notice of certain documents. (Doc. # 23). The Rawlses and Fournier failed to respond to the request within the time parameters of Local Rule 3.01(b). Therefore, the Court considers the request unopposed.

At any stage of the proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); 201(d).

First, Wells Fargo offers for judicial notice the Rawlses and Fournier's mortgage agreements. (Doc. # 23 at 2-5). Fournier's mortgage agreements were both referenced in and attached to the Complaint. (Doc. # 1 at 4; Doc. # 5-4; Doc. # 5-6). Likewise, the Rawlses' mortgage and home-equity loan agreements were referenced in the Complaint. (Doc. # 1 at 3). These mortgage agreements were also recorded with the Pinellas County Clerk's Office, which means they are matters of public record. Accordingly, the Court takes judicial notice of the Rawlses and Fournier's mortgage agreements. See Correa v. BAC Home Loans Servicing LP, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *4 & n.13 (M.D. Fla. Apr. 9, 2012) (taking judicial notice of mortgage agreement referenced in FDCPA complaint and recorded in county clerk's office).

Second, Wells Fargo offers for judicial notice various documents regarding Wells Fargo and Wachovia's merger. Specifically, (1) the "BankFind" feature of the Federal Deposit Insurance Company ("FDIC")'s website, which states Wells Fargo acquired Wachovia Bank on March 20, 2010; (2) a

6

letter from the U.S. Department of the Treasury, Office of the Comptroller of the Currency, which "official[ly] acknowledge[s], authoriz[es] and certify[es]" that Wachovia "merged with and into Wells Fargo"; and (3) the Articles of Merger and Articles of Correction to the Articles of Merger filed with the North Carolina Department of the Secretary of State, which states Wachovia merged with Wells Fargo. (Doc. # 23 at 5-13).

The Court takes judicial notice of all these documents regarding Wells Fargo and Wachovia's merger. The information on the FDIC's website is public record and issued by a source whose accuracy cannot reasonably be questioned — a federal corporation. See Branch Banking & Tr. Co. v. Kings Commercial, L.L.C., No. 10-80922-CIV-RYKSAMP/VITUNAC, 2010 WL 11596737, at *2 (S.D. Fla. Dec. 17, 2010) ("[A] court may take judicial notice of pages printed from the 'Bank Find' feature of the Federal Deposit Insurance Corporation's website."). Likewise, the letter from the Comptroller of the Currency was issued by a source whose accuracy cannot reasonably be questioned – a federal agency. Finally, the Articles of Merger and Articles of Correction are public record and issued by a source whose accuracy cannot reasonably be questioned. See Wells Fargo

Bank, N.A. v. Tom Roberts Const. Co., Inc., No. 1:13-cv-01566-HGD, 2015 WL 627948, at *1 (N.D. Ala. Feb. 12, 2015) ("The Court took notice that Wachovia merged with Wells Fargo, as reflected in the Certificate of Merger and letter from the Comptroller of the Currency . . . ."), aff'd, 629 F. App'x 877 (11th Cir. 2015).

**B.   FDCPA Claim**

Count I of the Complaint alleges the letters sent by Wells Fargo violated Sections 1692e and 1962f of the FDCPA. (Doc. # 1 at 8-9). "To establish a violation of the FDCPA, the plaintiff must show (1) the defendant qualifies as a 'debt collector,' (2) the challenged conduct was made 'in connection with the collection of any debt,' and (3) the defendant engaged in an act or omission prohibited by the FDCPA." Mansoorian v. Brock & Scott, PLLC, No. 8:18-cv-1876-T-33TGW, 2018 WL 6413484, at *2 (M.D. Fla. Dec. 6, 2018). Wells Fargo avers Count I fails to state a claim under the FDCPA because it is not a "debt collector" and because the letters were not sent in an attempt to collect a debt. (Doc. # 22 at 10-20).

The FDCPA defines "debt collector" to mean (1) "any person who uses any instrumentality of interstate commerce or

8

the mails in any business the principal purpose of which is the collection of any debts," or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Davidson v. Capital One Bank, N.A., 797 F.3d 1309, 1314 (11th Cir. 2015) (quoting 15 U.S.C. § 1692a(6)). The definition also excludes several categories of persons. For example, a creditor, which is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed," and its employees are excluded from the definition of a "debt collector." 15 U.S.C. §§ 1692a(4); 1692a(6)(A). Likewise, the definition excludes "any person collecting or attempting to collect any debt owed . . . or asserted to be owed . . . to the extent such activity . . . concerns a debt which was originated by such person." Id. § 1692a(6)(F).

Here, the Complaint fails to provide any allegations that Wells Fargo is a debt collector. The Complaint does not allege the principal purpose of Wells Fargo's business is collecting debts. See Berman v. Wells Fargo Bank, N.A., No. 6:12-cv-405-Orl-37KRS, 2013 U.S. Dist. LEXIS 5254, at *9 (M.D. Fla. Jan. 14, 2013) ("[F]or [Wells Fargo] to fall within the first categorical definition, its principal purpose as a

9

business must be the collection of debts, which Plaintiff does not allege and which is not the case for Wells Fargo, a large nationwide bank."). Nor does it allege Wells Fargo regularly attempts to collect the debts of others. In fact, the Complaint alleges the loans belonged to Wells Fargo. See Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1721 (2017) ("[T]he [FDCPA] defines debt collectors to include those who regularly seek to collect debts 'owed . . . another.' And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself.").

The Complaint and its attached exhibits reveal that Wells Fargo is exempt from the definition of a debt collector. Specifically, Fournier's mortgages state they were originated by Wells Fargo. (Doc. ## 5-4; 5-6). Further, the Complaint alleges the Rawlses' mortgage and home-equity loan were originated by Wachovia. (Doc. # 1 at 10 n.1). The Satisfaction/Release of Mortgage also confirms that Wachovia was the originator of the Rawlses' loans. (Doc. # 5-2). Wells Fargo acquired the Rawlses' loans through its merger with Wachovia; consequently, Wells Fargo stood in the place as

their loans' originator. See Corp. Express Office Prods. v. Phillips, 847 So. 2d 406, 415 n.6 (Fla. 2003) ("Under the law of Delaware as well as Florida, the rights of the merged corporation become those of the surviving corporation."); Fla. Stat. §§ 607.1106(1)(b); 655.417(c); see also Tom Roberts Const. Co., Inc., 2015 WL 627948, at *1 ("[A]s a result of the merger between Wells Fargo and Wachovia, Wells Fargo assumed all of the rights and obligations of Wachovia.").

As such, Wells Fargo is excluded from the definition of a debt collector under Section 1692a(6)(F). See Helman v. Bank of Am., 685 F. App'x 723, 726 (11th Cir. 2017) (per curiam) ("As the originator of those loans, the Bank is plainly not subject to the provisions of the FDCPA."); Neysmith v. McCalla Raymer, LLC, No. 3:14-cv-50-TCB, 2014 WL 12498229, at *2 (N.D. Ga. Nov. 3, 2014) ("Wells Fargo—which acquired the loan at issue through its merger with Wachovia Bank, N.A., which already owned the loan—is not a 'debt collector' for purposes of the FDCPA."); Centennial Bank v. Noah Grp., LLC, 755 F. Supp. 2d 1256, 1260 (S.D. Fla. 2010) ("Centennial Bank is not a 'debt collector'—it arguably originated the debt as a merged entity with [the original

lender] . . . ."). Count I is therefore dismissed with prejudice. See Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551, 555 (11th Cir. 2015) (per curiam) (noting that fatal deficiency could not be cured by amendment where purported collection letter was attached to the FDCPA complaint).

**C.  State Law Claims**

Having dismissed the only federal claim, the Court next considers whether it has jurisdiction over the remaining state law claims. The Complaint asserts diversity jurisdiction under the Class Action Fairness Act. (Doc. # 1 at ¶ 4). But pursuant to Local Rule 4.4(b), a plaintiff must move for class certification within ninety days of the filing of the initial complaint, unless the time is extended by the Court for cause shown. M.D. Fla. L. R. 4.4(b). Here, the Rawlses and Fournier's Complaint was filed on October 19, 2018, and therefore, the motion for class certification was due by January 17, 2019. The Rawlses and Fournier, however, failed to file either a motion for class certification or any motion for extension of time.

Thus, there are no remaining grounds for this Court's exercise of original jurisdiction, and the Court declines to

exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."); see also Arnold v. Tuskegee Univ., 212 F. App'x 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."). Counts II and III are therefore dismissed without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Class Action Complaint and Strike Class Allegations (Doc. # 22) is **GRANTED**.

(2) Count I of the Complaint is dismissed with prejudice. Counts II and III of the Complaint are dismissed without prejudice.

(3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE